# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0583V
Filed: May 17, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JOHN SWAN, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Justine E. Walters*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 17, 2016, John Swan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he suffered an injury to his left shoulder as a result of an influenza vaccination he received on September 17, 2014. Petition at ¶¶ 2, 4. On February 15, 2017, the undersigned issued a decision denying petitioner's claim for compensation and dismissing the case for insufficient proof. (ECF No. 21). Judgment entered on March 20, 2017. (ECF No. 22).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 8, 2017, petitioner filed a motion requesting $11,980.00 in attorneys' fees and $934.45 in attorneys' costs for a total amount of $12,914.45. Motion for Attorneys' Fees and Costs ("Motion") at ¶ 5 (ECF No. 23). Petitioner incurred no out-of-pocket expenses. *Id.*

I.  **Relevant Procedural History**

Petitioner requests an award of attorneys' fees and costs in the amount of $12,914.45. The motion included contemporaneously created time and expense sheets, and supporting information for his counsel's requested hourly rates. *See* Motion at ¶¶ 1-7; Exhibit A.

Respondent filed a response on May 9, 2017, stating that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." (ECF No. 25). However, respondent's "lack of objection should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

Since respondent raised no objections, a reply is unnecessary. The undersigned will now decide the matter.

II. **Discussion**

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is mandatory where a petitioner is found entitled to compensation. § 15(e)(1). However, where the petitioner is unsuccessful, the special master must first determine whether the petition was brought in good faith and the claim had a reasonable basis, before awarding attorneys' fees and costs. *Id.* In this case entitlement was denied, so an award of attorneys' fees and costs is contingent on the undersigned finding good faith and reasonable basis.

The undersigned has reviewed the petition, medical records, and other evidence submitted in this case and finds that petitioner brought his petition in good faith, and that there was a reasonable basis for his claim. Further, once petitioner determined that he would be unable to prove entitlement to compensation, he promptly moved to dismiss his claim. In light of the foregoing, the undersigned finds that petitioner should receive an award of reasonable attorneys' fees and costs.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3]

---

[3] The undersigned's review of the billing records in this case, however, does prompt the undersigned to highlight several areas of concern, which petitioner's counsel's firm should be mindful of going forward.

**III.       Conclusion**

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant when the special master determines that the petition was brought in good faith and that the claim had a reasonable basis. § 15(e). The undersigned has done so herein. Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a total of $12,914.45,[4] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Paul R. Brazil.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

First, over the course of the case, petitioner's counsel billed 7.6 hours, in increments of 0.3 hours, to review the case file (this activity was distinct from medical record review), generating fees totaling $2,005. Some of these entries are billed back-to-back, with no intervening activity in the case. Such billing could be deemed excessive.

Second, there are more than a dozen entries for reviewing various routine, non-substantive notices, several of which are billed at 0.2 hours. This activity generated fees totaling $467.50. It is questionable whether this activity should even be billed for, but certainly not at 0.2 hours per entry, as most of the notices consisted of a single sentence (*e.g.*, notice of assignment, notice of appearance).

Finally, petitioner's counsel billed nearly an hour ($192.50) to schedule a status conference (he billed separately for preparing for and participating in the conference). *See* entries dated November 21, 2016, totaling 0.7 hours of attorney time. This easily could be deemed excessive for what was a simple e-mail exchange. It is also worth noting that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates").

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.